UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERARD TORRES et al.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>ARCHIE T. MORRISON ELEMENTARY,<br>et al.,<br><br>　　　Defendants. | CIVIL ACTION<br>NO. 25-12497-WGY |

## MEMORANDUM AND ORDER

March 3*l*, 2026

YOUNG, D.J.

Pro se plaintiffs Gerard Torres and Traci Oliver, who are proceeding pro se, bring this action under 42 U.S.C. § 1983 ("§ 1983"), the Americans with Disabilities Act, and state law, arising from an investigation of reports made to the Massachusetts Department of Children and Families concern the plaintiffs' children.  Both plaintiffs have filed a motion for leave to proceed in forma pauperis.  For the reasons set forth below, the Court will grant the in forma pauperis motions and direct Plaintiffs to file an amended complaint if they wish to proceed with this action.

## I.   Motion for Leave to Proceed in Forma Pauperis

Upon review of the motions for leave to proceed in forma pauperis, the Court GRANTS the same.

## II.  Review of the Complaint

Because Plaintiffs are proceeding in forma pauperis, the Court may conduct a preliminary review of their complaint and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes the complaint because Plaintiffs are representing themselves.

### A.   Plaintiff's Claims

The factual allegations in the complaint are as follows:

6.    On or about January 2, 2024, Plaintiffs' children were detained and questioned by school staff and police without parental notification or consent.

7.    Plaintiff were not informed of the questioning, and children were held from approximately 8:00 AM to 9:10 PM.

8.    Police and school officials made false allegations of abuse, including fabricated statements about children being hung by underwear, which Plaintiffs deny.

9.    Defendants refused to allow Plaintiffs to leave their property, constituting unlawful seizure.

2

10.  Defendants contacted DCF based on false information, resulting in distress and threats to remove the children.

11.  DCF ultimately found the allegations unsupported.

12.  Plaintiffs suffered emotional distress, reputational harm, and violation of their constitutional rights.

Compl. ¶¶ 6-12.

In their prayer for relief, Plaintiffs seek compensatory, punitive, and statutory damages and "[i]njunctive relief ordering Defendants to cease unlawful questioning of children without parental notice and consent." Compl. at 4.

Plaintiffs attached to the complaint approximately 65 pages of documents, including what appear to be DCF records concerning interviews with the children on January 2, 2024.

### B.  Discussion

#### 1.  Claims for Based on Injuries to Children

Plaintiffs state that they are proceeding "individually and on behalf of" their minor children. They do not name their children as parties to this action.

Speaking broadly, parents have a protected liberty right under the Fourteenth Amendment to make decisions pertaining to "the care, custody, and control" of their children." Troxel v. Granville, 530 U.S. 57, 65 (2000). However, to the extent Plaintiffs are bringing claims based on injuries to their

3

children (or to anyone else), they cannot do so. Parties do not have standing to assert the claims for injuries suffered by others. See Bingham v. Massachusetts, 616 F.3d 1, 5 (1st Cir. 2010).

Further, Plaintiffs cannot represent their children. Federal law provides that, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Although this statute permits persons to represent themselves, it does not allow unlicensed laypersons to represent co-plaintiffs or any other individuals. See O'Diah v. Volkswagen of Amer., Inc., 91 Fed. App'x 159, 160 (1st Cir. 2004) (per curiam) ("We have interpreted [28 U.S.C. § 1654] as barring a non-lawyer from representing anyone but himself."). This is true even when the unrepresented injured party cannot represent themselves because they are a minor or incompetent.[1] See id. ("[E]ven assuming that [plaintiff] is incompetent and needed a representative, such as his father, to sue on his behalf . . . his father would still need to be represented by an attorney."); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61-62 (2d Cir.1990) (holding that

---

[1] Minors and incompetent persons may sue only through a duly appointed representative, next friend, or guardian ad litem. See Fed. R. Civ. P. 17(c).

4

non-attorney parent must be represented by counsel when bringing an action on behalf of his minor child).

### 2. Standard of Review

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

The "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To "show that the [plaintiff] is entitled to relief," the complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Id. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, "'naked assertion[s]'

5

devoid of 'further factual enhancement'" do not suffice.  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).  Further, the well-plead allegations must "sustain recovery under some actionable legal theory." <u>N.R. by & through S.R. v. Raytheon Co.</u>, 24 F.4th 740, 746 (1st Cir. 2022) (quoting <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 305 (1st Cir. 2008)).

### 4.    Archie Morrison Elementary School

Plaintiffs have named Archie Morrison Elementary School as a defendant.  Archie Morrison Elementary School is merely a building.  It is not a suable entity.  Accordingly, the party will be dismissed as a defendant in this action.

### 5.    The Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Plaintiffs have not sufficiently pled a claim under the ADA.  Neither Plaintiff has identified a disability or how any failure to accommodate that disability excluded them from or denied them the benefit of the services or programs of a public entity.

### 5.    42 U.S.C. § 1983

Section 1983 permits a lawsuit against a "person" acting "under color" of state law who deprived the plaintiff of his federal rights.  42 U.S.C. § 1983.  However, a state (including its agencies and departments) is not a "person" that is subject to suit under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Thus, Plaintiffs cannot maintain a claim under § 1983 against DCF.

In addition, Plaintiffs have failed to sufficiently state a § 1983 against Superintendent Jim Lee or Principal John Riordan. Plaintiffs refer to "defendants" collectively but do not specifically identify the alleged misconduct of these two defendants.  Further, interviewing a child without the consent or presence of a parent does not necessarily infringe on a parent's right.  See, e.g., Barbara v. Miller, 809 F.3d 840, 847 (6th Cir. 2015) ("[M]ere investigation by authorities into child abuse allegations without more ... does not infringe upon a parent's right to custody or control of a child.") (quoting Kottmyer v. Maas, 436 F.3d 684, 691 (6th Cir.2006))).

A municipality (such as the Town of Braintree) may be sued under § 1983.  However, it cannot be held liable under § 1983 merely because its employees violated a plaintiff's constitutional rights.  Instead, to sufficiently claim that the

7

municipality participated in the employees' unconstitutional conduct, a plaintiff must allege facts showing that the municipality's policy or custom was "the 'moving force' behind the employee's constitutional violation." Salvidar v. Racine, 818 F.3d 14, 20 (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Here, Plaintiffs do not identify a municipality policy or custom that resulted in a violation of Plaintiffs constitutional rights.

### 6.   Filing of an Amended Complaint

If Plaintiffs wish to pursue this action, they must file an amended complaint in which they identify the alleged misconduct of each defendant with particularity and is otherwise consistent with the above discussion. The amended complaint will completely replace the original complaint, and the Court will evaluate the sufficiency of the amended complaint without reference to the original complaint. Exhibits are permitted, but they are not a substitute for including pertinent allegations in the body of the amended complaint, and the relevance of the exhibits must be clear.

## III. Conclusion

For the foregoing reasons, the Court hereby orders:

1.   The motions for leave to proceed in forma pauperis are GRANTED.

2.    Archie T. Morrison Elementary School is DISMISSED as a defendant in this action.

3.    If Plaintiffs wish to proceed with this action, they must, within thirty (30) days, file an amended complaint in accordance with the discussion above.  Failure to do so will result in dismissal of this action without prejudice.

4.    The motions concerning retaliation (Docket Nos. 8, 10) are DENIED without prejudice.

5.    The motion for service of process by the United States Marshals Service (Docket No. 7) is DENIED without prejudice.  If the Court later orders that summonses issue, the Court will give Plaintiffs the option of arranging service by the USMS without any cost to Plaintiffs.

SO ORDERED.

WILLIAM G. YOUNG
DISTRICT JUDGE

9